IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAYLOR DUNN, CHYNNA BELL, and CORVEL CORPORATION, a California corporation;<br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>J.E. DUNN CONSTRUCTION COMPANY, BLUE HAT CRANE, LLC, INDUSTRIAL EQUIPMENT SALES & SERVICE CO., INC., and LUCAS K. LOFTIS,<br>　　　　　Defendants. | **4:22CV3056**<br><br>**ORDER** |

　　Four months after the deadline for moving to amend pleadings, (see Filing No. 57), Plaintiffs filed a motion to amend. (Filing No. 70). The motion asks the court to allow this case to proceed as one lawsuit with two separate complaints: one alleging a personal injury claim on behalf of Taylor Dunn, (Filing No. 71-5), and the other alleging a loss of consortium claim on behalf of Chynna Bell, Dunn's wife, (Filing No. 71-6). Both proposed complaints realign Corvel Corporation, which holds a subrogation interest arising from workers' compensation benefits paid to Dunn, from plaintiff to defendant, and both complaints seek to add Barnhart Crane and Rigging Co. as a named defendant.

　　Plaintiffs' motion raises substantial issues of law, (see discussion below), the plaintiffs did not file a supporting brief as required under the court's local rules. NECivR 7.1(a)(1)(A). This violation, in and of itself, supports the court's order denying Plaintiffs' motion to amend.

　　Plaintiffs are proposing to litigate this case with two separate operative complaints rather than a single complaint with separately represented plaintiffs.

This proposal is unusual at best; prohibited at worst. Plaintiffs have not explained whether and under what circumstances a federal lawsuit can proceed with two separate complaints, and why the court should permit it in this case.

Moreover, the deadline for moving to file amended pleadings was March 20, 2023. (Filing No. 57). It appears that as of October 25, 2022, Plaintiffs were on notice that Barnhart was a potential additional defendant. Plaintiffs received additional information regarding Barnhart's potential involvement on July 11, 2023. Yet, they did not move to add this defendant until August 23, 2023. "When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). Plaintiffs have failed to show good cause for not complying with the deadline for amending pleadings as stated in the court's case management order.

Finally, Plaintiffs' proposed amended complaints realign CorVel Corporation from plaintiff to defendant.[1] Under Article III of the Constitution, a case or controversy must exist between a plaintiff and the named defendant. GTE Sylvania, Inc. v. Consumers Union of U. S., Inc., 445 U.S. 375, 382 (1980). A federal court must, at a minimum, be presented with opposing parties representing adverse interests. Fin. Guar. Ins. Co. v. City of Fayetteville, Ark., 943 F.2d 925, 929 (8th Cir. 1991).

Based on the allegations in Plaintiffs' proposed amended complaints, Plaintiff Bell has no claim against CorVel,[2] and there is no claim alleged by Dunn

---

[1] Defendants do not oppose the realignment. (Filing No. 56-1).
[2] Bell's separate proposed complaint lists CorVel Corporation in the caption, but there are no allegations against CorVel in the body of the complaint.

against CorVel.[3] As against the defendants, the interests of Dunn and CorVel appear to be wholly aligned. (Filing No. 71-5, at CM/ECF p. 11). If an insurer pays only part of the loss sustained by an insured, the insured may bring an action against the primary tortfeasor, and the insurer holding a subrogation interest should be made a party plaintiff. National Garment Co. v. New York, C. & St. L. R. Co,173 F.2d 32, 35 (8th Cir. 1949).[4] See also Braun v. Hassenstein Steel Co., 21 F.R.D. 343, 347 (D.S.D. 1958) (staying all proceedings until the insurance carrier with a subrogated interest was added to the complaint and entered its appearance party plaintiff).

Perhaps there is a reason for realigning CorVel as a defendant. But that reason is not apparent from the record before this court.

Accordingly, on both procedural and substantive grounds,

IT IS ORDERED that Plaintiffs' motion to file amended complaints, (Filing No. 70), is denied.

Dated this 11th day of September, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[3] Dunn's employer would be the named defendant in the workers compensation action. Dunn cannot pursue additional workers compensation benefits from either his employer or CorVel in this forum.

[4] Rule 19 states, "If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2). There is nothing of record indicating CorVel refused to join as a plaintiff.

3