IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAYLOR DUNN, CHYNNA BELL, and CORVEL CORPORATION, a California corporation; | **4:22CV3056** |
| Plaintiffs, | |
| vs. | **MEMORANDUM AND ORDER** |
| J.E. DUNN CONSTRUCTION COMPANY,  BLUE HAT CRANE, LLC, INDUSTRIAL EQUIPMENT SALES & SERVICE CO., INC., and LUCAS K. LOFTIS, | |
| Defendants. | |

This matter is before the Court on Taylor Dunn and Chynna Bell's ("Plaintiffs") joint motion for leave to file an amended complaint. Filing No. 78. Plaintiffs seek to re-align CorVel Corporation ("CorVel") from a plaintiff to a defendant and add Barnhart Crane and Rigging Co. d/b/a Crane Sales & Service ("Barnhart") as a defendant. For the reasons stated below, the motion will be denied.

BACKGROUND

According to the Complaint, Taylor Dunn suffered various injuries after a workplace accident on August 26, 2019. Filing No. 1. The Complaint was filed on

1

April 5, 2022, on behalf of Taylor Dunn and Chynna Bell, Dunn's common-law wife. It named CorVel as a plaintiff and indicated CorVel may have a subrogation interest in the matter arising from workers' compensation benefits paid to Dunn. *Id.* CorVel was not represented by the filing attorney and no attorney, or other individual, has ever entered their appearance on CorVel's behalf. CorVel has not otherwise participated in the lawsuit.

On July 12, 2022, the Court issued a final progression order. Filing No. 30. That order provided "Plaintiffs do not anticipate the need to amend the pleadings or add parties" and did not set a deadline for Plaintiffs to file such motions. *Id.* An amended final progression order was entered on February 8, 2023, which specifically contemplated Plaintiffs filing an amended complaint realigning CorVel on or before February 15, 2023. Filing No. 57. Plaintiffs did not file an amended complaint.

On February 23, 2023, Plaintiffs' counsel filed a motion to withdraw from the case, Filing No. 58, which the Court granted the next day. Filing No. 59. Counsel for Taylor Dunn entered their appearance on April 21, 2023, Filing Nos. 60 and 61, and counsel for Chynna Bell entered his appearance on May 31, 2023. Filing No. 65.

Plaintiffs filed a joint motion for leave to file an amended complaint on August 25, 2023. Filing No. 70. The motion asked the Court to allow this case to proceed as one lawsuit with two separate complaints—one alleging a personal injury claim on behalf of Taylor Dunn, Filing No. 71-5, and the other alleging a loss of consortium claim on behalf of Chynna Bell, Dunn's wife. Filing No. 71-6. Both proposed complaints realigned CorVel, from plaintiff to defendant, and both complaints sought to add Barnhart as a named defendant. *Id.*

The Court denied Plaintiffs' motion on September 11, 2023. Filing No. 72. When considering whether to add Barnhart as a defendant, the Court concluded

Plaintiffs failed to show good cause under Rule 16 for failing to comply with the amended pleading deadline in the case progression order. Specifically, the Court reasoned that Plaintiffs knew of Barnhart's potential involvement as early as October 2022 and learned additional information on July 11, 2023, yet did not move to add Barnhart as a defendant until August 23, 2023. The Court determined this delay prohibited a finding of good cause. As to CorVel, the Court noted that there was no claim alleged by either plaintiff against CorVel, and thus no apparent reason for realigning CorVel as a defendant. *Id.*

A conference with the parties was held on November 7, 2023, and an amended progression order was entered the same day. Filing No. 73. The amended progression order states, "Plaintiff anticipates moving to amend the complaint. The motion shall be promptly filed." *Id*. Plaintiffs filed the current motion for leave to amend the complaint 86 days later, on February 1, 2024.

ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely grant [such] leave when justice so requires." This standard is construed liberally, but "plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). Indeed, "[a] district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys.*, Inc., 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks and citations omitted). "In most cases, [d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown." *Id.* (internal quotation marks and citation omitted).

3

However, when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, Fed. R. Civ. P. 16(b)(4) first requires a showing of "good cause" to extend the amended pleading deadline stated in the scheduling order. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). After the movant has shown good cause to modify the scheduling order under Fed. R. Civ. P. 16(b), the court may then consider whether the amendment is permitted under Fed. R. Civ. P. 15(a). *Id.* "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id.* (internal quotation marks and citations omitted).

Here, the parties disagree on the rule under which Plaintiffs' motion should be analyzed. Plaintiffs bring their motion pursuant to Fed. R. Civ. P. 15(a) and (c). Filing Nos. 78, 79, and 82. Defendants, on the other hand, argue Plaintiffs' motion is untimely under the Court's progression order, and the motion should be analyzed under Fed. R. Civ. P. 16. Filing No. 81 at 5.

Plaintiffs contend the timing of their motion for leave to amend is "irrelevant" when the requirements of Rule 15(c) have been met. Filing No. 82. They rely on the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010) for the proposition that a Plaintiff's "post filling conduct is irrelevant … and do[es] not matter when the elements of relation back are met." Filing No. 82 at 2. However, this reliance is misplaced.

The Supreme Court in *Krupski* held that undue delay in filing an amended complaint—which is an equitable consideration under Rule 15(a)—should not be considered in determining whether an amendment relates back under Rule 15(c). *Krupski*, 560 U.S. at 552–53. It did not hold that the applicability of relation back

4

under 15(c) renders the remaining rules obsolete. *Krupski*, 560 U.S. at 553 (discussing the distinction between Rule 15(a) and 15(c)); *see also Se. Pennsylvania Transportation Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 349 (3d Cir. 2021) ("A court may deny leave to amend based on undue delay even if the proposed amendment would, if filed, relate back.").

Because any analysis under Rule 15(c) does not render the remaining rules inapplicable, the Court first considers whether leave to amend is appropriate under Rule 16.

As previously outlined, various progression orders have been entered in this case and the deadline to file amended pleadings has changed. *See* Filing Nos. 30, 57, 73. The amended progression order entered on November 7, 2023[1] is the operative progression order at the time of present motion. *See* Filing No. 73. The order states "Plaintiff anticipates moving to amend the complaint. The motion shall be promptly filed." *Id.* The present motion was filed on February 1, 2024, 86 days after the amended progression order was entered. Filing No. 78.

The Court finds Plaintiffs' motion for leave to file an amended complaint does not comply with the Court's November 7, 2023, progression order. Plaintiffs' motion was not "prompt" as required but rather was filed almost three months after the order was entered. *See Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC,* No. 8:10CV187, 2018 WL 5980973, at *5 (D. Neb. Nov. 14, 2018) (noting an unexplained four-month delay prior to presenting an issue to the Court was not "prompt"). Therefore, Plaintiffs must show "good cause" to extend the amended pleading deadline pursuant to Rule 16(b)(4).

---

[1] Plaintiffs provide that during this status conference they discussed with the Court the need to re-align CorVel as a defendant. Filing No. 79 at 5. They do not contend they discussed adding Barnhart as a defendant, an issue previously denied by the Court, prior to the Court ordering a motion to amend be promptly filed.

Plaintiffs have not met the good cause standard pursuant to Rule 16. They have not illustrated their diligence to meet the progression order's requirements or provided justification for the delay. The amendments Plaintiffs now propose were known to them long before the progression order's issuance, yet they did not pursue the amendment for 86 days. Further, they do not present any newly discovered evidence that would provide a basis for their delay, or any other change in circumstances after the scheduling deadline. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (A party has failed to show good cause where there has been no newly discovered facts or any other changed circumstance after the scheduling deadline for amending pleadings).

Rather, the proposed amendments presently before the Court are the same amendments the Court rejected in Plaintiffs' previous attempt to amend. *See* Filing No. 72. While there are slight differences between the August 25, 2023, motion and the present motion,[2] namely that Plaintiffs sought to litigate the case with two separate operative complaints, the facts relevant to the Court's analysis is the same.

Plaintiffs knew of Barnhart's potential involvement as early as October 25, 2022, and by July 11, 2023, at the latest. Filing No. 72. Yet Plaintiff did not timely seek amendment.[3] *Id*. Further, the need to realign CorVel as a defendant was discussed by the parties as early as February 2023. *See* Filing No. 57. But the Court found the proposed allegations against CorVel in the August 2023 motion to be insufficient. Filing No. 72. The amended complaint Plaintiffs now proposed does

---

[2] The Court notes that the facts cited, and evidence presented in both motions are substantially similar. *Compare* Filing Nos. 70 and 71 *with* Filing Nos. 79 and 80. Notably, Plaintiffs' own emails illustrate their knowledge of Barnhart's involvement in June 2023, evidence that was presented to the Court as part of the August 2023 motion. *See* Filing No. 71-3 and 80-5.

[3] On September 11, 2023, the Court found there was no good cause for amendment under Rule 16 when Plaintiffs' motion was filed two months after learning of Barnhart's involvement. Filing No. 72.

not contain new allegations that correct those deficiencies. For these reasons, Plaintiffs' joint motion for leave to amend will be denied.

Finally, Plaintiffs' motion once again does not comply with the Court's local rules. Specifically, Plaintiffs' proposed amended pleading does not clearly identify the proposed amendments as required by NECivR 15.1(a). Plaintiffs have previously been warned that violation of the local rules is grounds for denying their motion. *See* Filing No. 72. Plaintiffs' continued indifference to the Court's local rules, in and of itself, supports the Court's order denying their motion to amend. *See Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066, 1068 ("A district court rarely abuses its discretion in denying a motion to amend for failure to comply with [] a local rule."); *Ashford v. Douglas Cnty.*, No. 8:20-cv-36; 2020 WL 7183440 (D. Neb. Dec. 7, 2020) (denying motion to amend where Plaintiff failed clearly identify proposed amendments required by NECivR 15.1(a)).

Accordingly,

IT IS ORDERED

Plaintiffs' joint motion for leave to file an amended complaint, Filing No. 78, is denied.


Dated this 1st day of March, 2024.

BY THE COURT:


*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

7