IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAYLOR DUNN, and CHYNNA BELL,<br><br>                Plaintiffs,<br><br>vs.<br><br>J.E. DUNN CONSTRUCTION COMPANY, BLUE HAT CRANE, LLC, INDUSTRIAL EQUIPMENT SALES & SERVICE CO., INC., LUCAS K. LOFTIS, and CORVEL ENTERPRISE COMP, INC.,<br><br>                Defendants. | 4:22CV3056<br><br>ORDER |

      Before the Court is the Joint Motion of Defendants J.E. Dunn Construction Company, Blue Hat Crane, LLC, Industrial Equipment Sales & Service Co., Inc., and Lukas K. Loftis (collectively "Defendants")[1] to Compel Rule 35 Examination of Plaintiff Taylor Dunn in which Defendants request the Court compel Plaintiff Taylor Dunn to submit to an independent medical examination. Filing No. 105. More specifically, Defendants request Dunn submit to an independent neuropsychological medical examination that is not videotaped and/or recorded or observed by a third-party. Plaintiff Dunn has requested any examination by Defendants' expert be recorded so that the examiner's "methodology and administration techniques can be subject to review." Filing No. 110. The parties appear to agree on all other aspects of the examination. Also part of that motion is Defendants' request for Plaintiff Dunn's expert's, Dr. Paul G. Longobardi, fee schedule, case list, and curriculum vitae. Filing No. 105. Finally, Defendants' recently filed a joint motion to extend deadlines. Filing No. 129.

---

[1] Defendant CorVel Corporation does not take a position on the present motion.

1

## BACKGROUND

Plaintiffs' Amended Complaint alleges Dunn sustained, among other injuries and damages, a concussion and traumatic brain injury as a result of Defendants' negligence. Filing No. 102 at 5. Defendants requested an examination of Plaintiff Dunn via Fed. R. Civ. P 35. Plaintiff Dunn does not contest that Defendants have the right to a Rule 35 examination and, further, does not contest the qualifications of Dr. Kalat, the doctor Defendants selected to perform such examination. The sole issue before the Court is whether the Rule 35 examination of Plaintiff Dunn can be recorded.

As part of this motion, Defendants present evidence indicating that Dr. Kalat advised: (1) he does not record testing of his neuropsychological examinations and (2) he believes recording of such evaluations would constitute a violation of the code of ethics governing his profession. In addition, Defendants submitted a letter from Dr. Kalat indicating that third party observers, even via recording, have biasing effects during neuropsychological examinations. Filing Nos. 107-6, 107- 11. In this letter, Dr. Kalat cites various articles suggesting that the integrity of a neuropsychological evaluation is affected by any audio or video monitoring or recording. *Id.*

## ANALYSIS

The present issue is governed by Fed. R. Civ. P. 35(a) which states, in relevant part:

> (1) ***In General.*** The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.
>
> . . .
>
> (2) ***Motion and Notice;*** **Contents of the Order.** The order:
> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

>> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Neither party disputes that Plaintiff Dunn has put his mental and physical condition in controversy by seeking damages relating to his alleged brain injuries. Moreover, neither party disputes that there is good cause for Plaintiff to be examined by Dr. Kalat and, further, that Dr. Kalat is a suitably licensed or certified examiner given the scenario at hand. The question is whether there is good cause for Dr. Kalat's examination of Plaintiff Dunn to be recorded.[2]

Plaintiff Dunn sets forth a number of arguments in support of his position. First, he argues a need to preserve medically significant evidence "so that experts on both sides could analyze the validity of" the exam. Filing No. 110 at 8. Plaintiff Dunn argues that this is particularly the case here given Plaintiff Dunn's alleged cognitive disability, which dovetails into his next argument. Second, Plaintiff Dunn argues his alleged cognitive disability will prevent him from accurately communicating the details of the testing. Id. Third, Plaintiff Dunn argues there is a concern that Dr. Kalat will proceed in an "abusive or improper manner." Id. at 11. This argument is based upon Dr. Kalat's statement that he believes recording the examination in question would violate his profession's ethical principles, prior deposition testimony of Dr. Kalat., and Plaintiff's belief that Defendant has "misrepresented the facts for their own benefit." Id. at 13. Plaintiff Dunn further argues Dr. Kalat's opinions regarding the propriety of video recording is not up to date, given the fact that the articles upon which he relies pre-date the Covid-19 pandemic and, further, that any concerns regarding the security of the recording can be ensured via a protective order. Finally, Plaintiff Dunn argues Dr. Kalat has

---

[2] The party seeking the presence and/or recording of a Rule 35 examination bears the burden of proving the necessity of such. *Calderon v. Reederei Claus–Peter Offen GmbH & Co.*, 258 F.R.D. 523, 526 (S.D.Fla.2009); *Schmidt v. Des Moines Public Schools*, 2010 WL 11500539 at *2 (S.D. Iowa May 20, 2010).

3

previously allowed third party observers, namely, his staff to be present during his evaluations and, as such, the recording should be allowed.

The federal rules are silent on the appropriateness of a third party or a recording device in a Rule 35 examination. Rather, Fed R. Civ. P. 26(c) gives a district court discretion to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Federal courts, as well as secondary sources, have indicated "the presence of, and possible interference by, an attorney or other representative of" a plaintiff at a Rule 35 examination "might disrupt, or defeat the purpose of, the examination." Persons Present at Examination, 8B Fed. Prac. & Proc. Civ. § 2236 (3d ed.). In addition, the weight of authority in federal courts are against allowing an attorney or recording device during a Rule 35 examination. *Lechter v. Rapid City Regional Hosp., Inc.*, 2010 WL 1930113, *7 (D.S.D. May 12, 2010).

The undersigned has given Plaintiff's request that a third party be present at the examination or that the examination be recorded serious consideration. However, the undersigned does not believe Plaintiff has sufficiently met his burden of good cause pursuant to Rule 26(c) when he has not submitted any evidence indicating Plaintiff would be unable to adequately perform in the evaluation[3] when there are other mechanisms available to Plaintiff through which he and/or his counsel can determine what occurred during the Rule 35 examination, and, further, whether such examination was properly performed. Plaintiff's arguments regarding Dr. Kalat's position not being "up to date" after the Covid-19 pandemic (because doctors like Dr. Kalat now perform video examinations) and Dr. Kalat allowing staff present in examinations are not persuasive given the circumstances. Furthermore, Plaintiffs' arguments regarding Defendants' characterization of the evidence as to

---

[3] The Court notes that Plaintiff Dunn has provided evidence (albeit not admissible pursuant to the local rules) of Plaintiff Dunn's medical condition. Even assuming the evidence of Plaintiff Dunn's medical condition was admissible, these facts are different than evidence indicating the Plaintiff is unable to adequately perform the examination in question without the presence of a third party or a recording device.

the merits of the case and its alleged impact on the examination are not persuasive – this is merely a difference in opinion regarding the liability analysis of the matter at hand.

Both parties have submitted non-binding caselaw to support their respective positions as to whether Dr. Kalat's examination of Plaintiff Dunn should be recorded. The Court has reviewed this caselaw and, after review of such (as well as being unable to locate any authority binding on this court), finds that Plaintiff Dunn's examination shall not be videotaped and/or recorded and no third-party observers shall be present for such examination. *See Lahr v. Fulbright & Jaworski, LLP*, 164 F.R.D. 196, 202 (N.D.Tex. Aug. 4, 1995) (finding the presence of an expert was not appropriate at a Rule 35 examination when the examining expert indicated such presence may unduly influence the examination and, when reaching this conclusion, stating "[f]or the court to intervene and limit the type of examination an expert has indicated is necessary in order to analyze plaintiff's claims would subvert the truth finding function inherent in Rule 35 examinations."); *Tomlin v. Holecek*, 150 F.R.D. 628, 631 (D. Minn. 1993) (finding that tape recording a Rule 35 examination was not appropriate when the expert indicated such would invalidate the examination and such concern was supported by other authorities); *Letcher* 2010 WL 1930113, at *10.

This conclusion is supported by the fact that Plaintiff will have the ability to depose Dr. Kalat and further that, to the undersigned's knowledge, the examination of Plaintiff Dunn, which was performed by Plaintiff's expert, was not recorded in any fashion for review. In addition, Plaintiff will still have various avenues to ensure Dr. Kalat's testimony is fairly presented to the factfinder.

Finally, Plaintiff Dunn does not include any argument related to the materials requested regarding Dr. Paul G. Longobardi. Therefore, Defendants' motion to compel Plaintiff Dunn to produce Dr. Longobardi's fee schedule, case list, and curriculum vitae is granted.

**IT IS SO ORDERED:**

1. Defendants' motion to compel Rule 35 Examination of Plaintiff Taylor Dunn, Filing No. 105, is granted as set forth herein. On or before August 30, 2024, Plaintiff Taylor Dunn is ordered to submit to the independent medical examination with Dr. Stephen S. Kalat.
2. Plaintiff is ordered to produce Dr. Longobardi's fee schedule, case list, or curriculum vitae on or before August 14, 2024.
3. Defendants' motion to extend deadlines, Filing No. 129, is denied as moot. The parties are ordered to confer and submit proposed case progression deadlines to chambers (deluca@ned.uscourts.gov) on or before August 9, 2024.

**IT IS FURTHER ORDERED** that the parties shall confer and submit a report concerning the Rule 35 examination on or August 16, 2024.

Dated this 31st day of July, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge