IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TAYLOR DUNN,

Plaintiff,

vs.

J.E. DUNN CONSTRUCTION COMPANY,
BLUE HAT CRANE, LLC and CORVEL
ENTERPRISE COMP, INC.,

Defendants.

4:22CV3056

MEMORANDUM AND ORDER

This matter is before the Court on Defendant J.E. Dunn Construction Company's Motion for Leave to File an Amended Answer. (Filing No. 238.) Defendant seeks leave to admit liability and to accept liability for all lawful damages incurred by Plaintiff arising out of the accident at issue in this case. Plaintiff does not oppose the motion. Having considered the matter, the Court will grant Defendant's requested relief.

Defendant has also advised the Court that given its decision to admit liability, several of its requests for exclusion of evidence may be withdrawn. (Filing No. 235.) These requests seek exclusion of (1) the mechanical opinions of William Dickinson (Filing No. 199); (2) evidence of any offer or promise to pay medical, hospital, or other similar expenses made by Defendants (Filing No. 214); (3) all evidence of character or a trait of character of Defendants (Filing No. 214); (4) evidence showing that Plaintiff is a credible witness, or that Plaintiff's complaints of pain are valid (Filing No. 214); and (5) evidence regarding the type of law practiced by the attorneys or the type of clients they represent (Filing No. 214).

Accordingly,

**IT IS ORDERED:**

1. Defendant J.E. Dunn Construction Company's Motion for Leave to File an Amended Answer (Filing No. 238) is granted.  Defendant shall file its Amended Answer by **2:00 p.m. on March 31, 2026.**  This case will proceed only as to the issue of the damages that may have been caused by the accident that is the subject of this suit.

2. Defendants' Motion in Limine to Exclude the Mechanical Opinions of William Dickinson (Filing No. 199) is denied.

3. Defendants' requests to exclude the following evidence are deemed withdrawn:  (a) evidence of any offer or promise to pay medical, hospital, or other similar expenses made by Defendants; (b) evidence of character or a trait of character of Defendants; (c) evidence showing that Plaintiff is a credible witness, or that Plaintiff's complaints of pain are valid; and (d) evidence regarding the type of law practiced by the attorneys or the type of clients they represent.

Dated this 31st day of March, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

2