IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAYLOR DUNN, | |
| Plaintiff, | **4:22CV3056** |
| vs. | |
| | **MEMORANDUM AND ORDER** |
| J.E. DUNN CONSTRUCTION COMPANY and CORVEL ENTERPRISE COMP, INC., | |
| Defendants. | |

This matter is before the Court on Defendant J.E. Dunn Construction Company's ("Defendant") Motion to Strike (Filing No. 228) and Plaintiff's Motion in Limine pertaining to certain witness testimony. (Filing No. 221.)  For the reasons explained below, Defendant's Motion to Strike (Filing No. 228) will be denied, and Plaintiff's Motion in Limine will be denied.

## BACKGROUND

This suit arises out a workplace accident.  Defendant has admitted liability for Plaintiff's injuries.  Therefore, the trial in this case will only proceed on the issue of damages.

## DISCUSSION

### 1.  Motion to Strike

On January 14, 2026, the Court entered its Amended Order Setting Trial.  (Filing No. 170.) The Order required that motions in limine be filed at least twenty-eight days prior to trial.  Trial is scheduled to commence on April 13, 2026, which made the deadline for filing motions in limine March 16, 2026.  However, Plaintiff filed an untimely motion in limine on March 23, 2026, which

challenges the admissibility of certain deposition testimony of Plaintiff's treating physicians. Defendant seeks to strike this motion.

Pursuant to Federal Rule of Civil Procedure 6(b)(1), a deadline may be extended for good cause, upon a party's motion, if the deadline was missed due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (quotation omitted). Excusable neglect, on the other hand "is an elastic concept that empowers courts to accept, where appropriate, late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quotation omitted). Considerations in evaluating the existence of excusable neglect, include: (1) the possibility of prejudice to the non-moving party, (2) the length of the delay and the impact of that delay on judicial proceedings; (3) the reasons for the delay; and (4) whether the moving party acted in good faith. *Id*.

While mis-calendaring a deadline is typically an insufficient explanation for an untimely filing, in a case where multiple extensions have been granted and parties having recently been dismissed from the case, it is understandable that something like this could occur. Plaintiff was diligent in attempting to meet the deadline once it was discovered the date had been mis-calendared. Plaintiff's Motion in Limine was only filed a week late and hence, in the grand scheme of things, does not greatly impact judicial proceedings. Defendant has not been prejudiced by the delay.

Moreover, Defendant's Motion to Strike is largely moot. Even without Plaintiff's Motion in Limine, the Court would still have to consider the admissibility of the designated testimony at trial. Thus, under these circumstances, Plaintiff's Motion in Limine has little impact on these proceedings. For this reason, Defendant's Motion to Strike will be denied.

### 2. Motion in Limine

Plaintiff's Motion in Limine (Filing No. 221) seeks an order striking or otherwise precluding specific selections of deposition testimony that Defendant plans to offer from three of Plaintiff's treating physicians—namely, Dr. Mezzacappa, Dr. Jazwick, and Dr. Branecki. These

2

doctors have been identified by Plaintiff and Defendant as lay witnesses, but not expert witnesses. (Filing No. 157.) Defendant deposed these individuals for purposes of showing the depositions to the jury at trial.

Plaintiff complains that certain portions of these doctors' testimony should be excluded because it qualifies as expert testimony, particularly on the issue of causation. Defendant did not disclose these doctors in expert disclosures, nor did Defendant identify these doctors in its initial disclosures in accordance with Federal Rule of Civil Procedure 26. (Filing No. 223-1; Filing No. 223-2.) In addition, Plaintiff maintains that Defendant cannot establish the admissibility of this testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

The problem for Plaintiff, however, is that this evidence was already admitted into evidence—per Plaintiff's own request. The deposition transcripts were received by the Court on September 10, 2025, as Plaintiff's Exhibits 54, 55, and 56. (Filing No. 157-1.) The transcripts were submitted by Plaintiff without redactions and Defendant did not object to the admission of these exhibits. Notably, in their Amended Exhibit List, Defendant reserved the right to offer at trial any exhibit identified by any other party. (Filing No. 157-1.) Plaintiff is objecting to his own evidence, and the Eighth Circuit Court of Appeals has found that a party who introduced evidence has "waived its challenge to the admission of the evidence." *Reinard v. Crown Equip. Corp.,* 983 F.3d 1064, 1068 (8th Cir. 2020) (quoting *Canny v. Dr. Pepper/Seven-Up Bottling Grp., Inc.,* 439 F.3d 894, 904 (8th Cir. 2006)). *See also* Ohler v. United States, 529 U.S. 753, 755 (2000) ("Generally, a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted."). Therefore, Plaintiff's Motion in Limine will be denied.

Moreover, even if Plaintiff had not waived his objection to this testimony, exclusion of the evidence would not be warranted. Plaintiff claims Defendant is attempting to offer expert testimony from Dr. Mezzacappa, Dr. Jazwick, and Dr. Branecki, which was not disclosed and, therefore, inadmissible. Under Federal Rule of Civil Procedure 37(c)(1), parties who fail to appropriately provide information or identify a witness as required by Fed. R. Civ. P. 26 may not use the nondisclosed information or witness "on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

3

Here, the Court finds that even if the designated testimony qualifies as expert opinion, as opposed to lay witness testimony, any failure on Defendant's part not to disclose this "expert testimony" was harmless. This is true for several reasons. First, as explained previously, Plaintiff is objecting to his own evidence. Plaintiff offered the deposition transcripts without redactions, and they were received into evidence. Second, although the depositions in question were taken quite some time ago and Plaintiff offered them as trial exhibits in September 2025, Plaintiff waited until a few weeks before trial to complain about this evidence. In short, Plaintiff will not be surprised or prejudiced by the use of this testimony because Plaintiff is familiar with the evidence and has known about it for a long period of time. Therefore, even absent waiver, Plaintiff's Motion in Limine would be denied because Defendant's failure to disclose these witnesses as experts was harmless.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Strike (Filing No. 228) is denied.
2. Plaintiff's Motion in Limine (Filing No. 221) is denied.

Dated this 2nd day of April, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge