IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAYLOR DUNN, | | |
| | Plaintiff, | **4:22CV3056** |
| vs. | | |
| J.E. DUNN CONSTRUCTION COMPANY and CORVEL ENTERPRISE COMP, INC., | | **MEMORANDUM AND ORDER** |
| | Defendants. | |

This matter is before the Court on Plaintiff's Motion in Limine (Filing No. 153) and multiple motions in limine asserted by Defendant J.E. Dunn Construction Company ("Defendant"). (Filing No. 183; Filing No. 187; Filing No. 189; Filing No. 214.) For the reasons stated below, Plaintiff's motion will be granted, and Defendant's motions will be granted in part, and denied in part.

**BACKGROUND**

This suit arises from a workplace accident that occurred on August 26, 2019. (Filing No. 1; Filing No. 102.) Defendant has admitted liability. Therefore, the trial in this case will proceed only on the issue of damages.

**I.      Plaintiff's Motion in Limine**

Plaintiff requests that the Court exclude (1) any evidence or testimony suggesting that Plaintiff's marriage was a common law marriage, rather than a traditional marriage; and (2) any evidence or testimony regarding Plaintiff's workers' compensation claim arising from the injury at issue in this case. Each of these requests will be granted.

As to the first point, Plaintiff claims the specific nature of the marriage—whether common law or traditional—is irrelevant to the issues before the Court. (Filing No. 154.) Now that the loss of consortium claim has been dismissed and this case will proceed as to damages only, the Court agrees. (Filing No. 181.) Therefore, Plaintiff's motion will be granted as to this point. As to the second point, Defendant represents that it does not intend to offer any evidence pertaining to this matter, and the Court finds that such evidence is not relevant to the issues in this suit.[1] Therefore, Plaintiff's Motion in Limine (Filing No. 153) will be granted in its entirety.

## II.   Defendant's Motions in Limine

Defendant's requests for exclusion of evidence are contained in multiple filings—as opposed to a single motion.[2] Consequently, the Court had to compile the requests from the various filings and will now address each such request individually, with references to the filing numbers.

1. **Any characterization of the jury's role as acting as the "conscience of the community," "voice of the community," "for the betterment of the community," or similar phrases suggesting the jury represents community interests beyond resolving the individual dispute before them. (Filing No. 183.)**

   Evidence or argument of this variety appears geared toward Reptile Theory arguments—an "appeal to the juror's own sense of self-protection in order to persuade jurors to render a verdict for [Plaintiff] that will, in the collective, effectively reduce or eliminate allegedly dangerous or unsafe conduct and thereby improve the safety of themselves, their family members, and their community." *Kuecker Logistics Group, Inc. v. Greater Omaha Packing Co., Inc.*, 8:20CV307, 2024 WL 150086, *21 (D. Neb. Jan. 12, 2024) (quotation omitted). Evidence of this type could also be aimed to support "Golden Rule" arguments—those which encourage the jury "to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Id.* Golden Rule and Reptile Theory arguments are improper. *Id.* Statements and arguments of this kind would also be highly prejudicial. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

---

[1] Defendant joined Industrial Equipment Sales & Service Co., Inc.'s response in opposition to Plaintiff's motion. (Filing No. 158; Filing No. 163.) Industrial Equipment Sales & Service Co., Inc. has since been dismissed as a party. (Filing No. 213.)

[2] The motions found at Filing Nos. 183, 187 and 189 were filed by Industrial Equipment Sales & Service Co., Inc. Defendant joined in the motions. (Filing No. 192; Filing No. 193; Filing No. 194; Filing No. 195.) However, Defendant filed the motion in limine found at Filing No. 214.

Therefore, evidence or arguments pertaining to these matters will not be allowed. Defendant's motion in limine on this point is granted.

2. **Any framing of the duty of care in terms of "safety rules," "safety principles," or purported obligations to "keep the community safe." (Filing No. 183.)**

It is not clear to the Court how this information is relevant given the issues remaining in this case—meaning, the extent of noneconomic damages. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, the Court cannot anticipate the questions that will be asked. Therefore, Defendant's motion as it pertains to this evidence will be denied at this time. The Court will rule on the admissibility of this evidence, upon appropriate objection, at trial. Still, the Court notes that this evidence or argument of this type could be aimed to support "Reptile Theory" or "Golden Rule" arguments. As stated above, such arguments, and evidence offered solely to support such arguments, are improper and will not be allowed.

3. **Any use of the terms "danger," "dangerous," or "safety" except as they relate directly to the specific conduct alleged and the injury to this Plaintiff in this case. (Filing No. 183.)**

Limiting use of the terms "danger," "dangerous," or "safety" as proposed by Defendant is appropriate. Therefore, Defendant's motion as to this point will be granted.

4. **Any other argument, testimony, or line of questioning consistent with so-called "Reptile Theory" litigation tactics that seek to inflame the jury's fear response or reframe this action as serving broader societal interests. (Filing No. 183.)**

For the reasons stated above, questioning consistent with "Reptile Theory" or "Golden Rule" arguments or litigation tactics consistent with such arguments are impermissible and will not be allowed. Statements and arguments of this kind would be highly prejudicial. *See* Fed. R. Evid. 403. Defendant's motion in limine on this point is granted.

5. **Evidence, argument, or reference to the relative size, financial resources, or wealth of Defendant compared to Plaintiff, including any characterization of Defendant as "big," "corporate," "well-funded," or similar descriptors or questions designed to suggest financial disparity, or any characterization of Plaintiff as "small," "individual," or "outmatched," or any argument that Defendant can "afford" a verdict. (Filing No. 187.)**

Evidence and argument of this variety will not be allowed as it is irrelevant to the issues remaining in this suit and prejudicial. Fed. R. Evid. 401; Fed. R. Evid. 403. Therefore, Defendant's motion in limine pertaining to this matter will be granted.

3

6.  **Evidence or testimony regarding Plaintiff's claimed "subjective injuries." (Filing No. 189.)**

Plaintiff's request that evidence pertaining to "subjective injuries" be excluded is overly broad and, consequently, must be denied at this time. Former defendant Industrial Equipment Sales & Service Co., Inc. filed the motion to exclude evidence of subjective injuries, and Defendant joined the motion. Industrial Equipment's brief listed examples of what it considered "subjective injuries" as including things such as "lower back pain, right knee pain, shoulder pain, numbness of the shin, and a decreased sex drive," and then indicated that "all evidence concerning subjective injuries must be excluded." (Filing No. 191; Filing No. 219.) After Industrial Equipment was dismissed from this suit, Defendant filed its own brief, defining "subjective injuries" as those that "are not plainly apparent and are demonstrated primarily by complaints of the victim." (Filing No. 219). Defendant stated that the subjective injuries it seeks to exclude, include but are "not limited to, lower back pain, right knee pain, shoulder pain, numbness of shin, and decreased sex drive." (Filing No. 219.) Defendant contends that because expert testimony is necessary to establish causation of subjective injuries, "all evidence of subjective injuries unsubstantiated by expert testimony must be excluded." (Filing No. 191.)

Plaintiff is correct that Nebraska courts distinguish between objective and subjective injuries to determine whether expert medical testimony is needed to demonstrate causation. *See Eiting v. Godding*, 191 Neb. 88, 214 N.W.2d 241 (1974). Objective injuries are "those where the causal connection is clearly apparent from the injury itself and the circumstances surrounding it or where the cause of the injury relates to matters of common experience, knowledge and observation of laymen." *Id*. at 91, 214 N.W.2d at 243-44. Subjective injuries—which require expert testimony—"are of such a character as to require skilled and professional persons to determine the cause and extent thereof." *Id*. at 91-92, 214 N.W.2d at 244.

At this point, the Court is without sufficient information to accurately assess which (if any) of Plaintiff's injuries can be characterized as purely "subjective." Nor does the Court have the present ability to evaluate whether Plaintiff has expert testimony to support a finding that any such subjective injury was caused by the accident at issue. Defendant argues that Plaintiff's expert—Dr. Prusmack—is a neurosurgeon who cannot offer opinions on the cause of orthopedic injuries. (Filing No. 190-4.) While this is true as to strictly "orthopedic" injuries, Dr. Prusmack diagnosed Plaintiff with other conditions which, perhaps, could explain some of the "subjective injuries" claimed by Plaintiff. (Filing No. 207-3.) Again, the Court has no way to evaluate this at this juncture. Accordingly, Defendant's motion in limine regarding evidence of "subjective injuries" will be denied at this time.

7.  **All references to settlement negotiations or offers to compromise this claim. (Filing No. 214.)**

Evidence of this type is generally inadmissible pursuant to Federal Rule of Evidence 408(a). Fed. R. Civ. 408(a) (evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in

4

compromising or attempting to compromise" a claim is not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction.") Also, Plaintiff has agreed not to present this type of evidence.  (Filing No. 247.) Therefore, Defendant's motion as to this matter will be granted.

8. **Evidence of any opinions that have not previously been disclosed in discovery or that are not based on a reasonable degree of certainty.  (Filing No. 214.)**

Plaintiff agrees that no undisclosed opinions should be admitted in this case and maintains that this obligation should be reciprocal.  (Filing No. 247.) The parties are advised that the Court will strictly enforce the disclosure requirements of Federal Rule of Civil Procedure 26 in this case.  Therefore, Defendant's motion as to this point will be granted.

9. **All evidence regarding insurance, or insurance coverage that may be or were in effect to indemnify the Defendant for damages that may be awarded based on a judgment in this matter.  (Filing No. 214.)**

This evidence is not relevant to the issues involved in this suit and would unduly prejudice Defendant.  Fed. R. Evid. 401; Fed. R. Evid. 403.  Moreover, Plaintiff has agreed not to discuss these matters at trial.  (Filing No. 247.)  Therefore, Defendant's motion will be granted as to this evidence.

10. **All evidence regarding any medical records from providers, other than those specifically identified by Plaintiff in his exhibit list or stipulated to by Defendant. (Filing No. 214.)**

Plaintiff represents that no unidentified records will be offered.  (Filing No. 247.)  The parties are advised that the Court will strictly enforce the disclosure requirements of Federal Rule of Civil Procedure 26.  Therefore, Defendant's motion as to this point will be granted.

11. **All evidence regarding speculative damages of which Plaintiff is not reasonably certain to incur. (Filing No. 214.)**

The Court acknowledges that a plaintiff's "burden of offering evidence sufficient to prove damages cannot be sustained by evidence which is speculative and conjectural." *Pribil v. Koinzan*, 266 Neb. 222, 227, 665 N.W.2d 567, 572 (2003).  However, Defendant has not identified damages that it deems "speculative."  Therefore, the Court will rule on the admissibility of evidence of "speculative damages," upon appropriate objection, during trial.  Defendant's motion as to this issue will be denied.

**12. All evidence regarding Plaintiff's economic damages that have not previously been disclosed to Defendant. (Filing No. 214.)**

Plaintiff is not seeking economic damages in this suit. (Filing No. 247.) Therefore, evidence speaking only to economic damages is not relevant in this action. *See* Fed. R. Evid. 401. Also, as stated above, the Court will strictly enforce the disclosure requirements of Federal Rule of Civil Procedure 26. Accordingly, Defendant's motion as to this point will be granted.

**13. Summaries and any statements, references, or assertions concerning the contents of voluminous writings, recordings, or photographs in the form of any chart, summary, or calculation without first making the originals, or duplicates, available for examination or copying by Defendant. (Filing No. 214.)**

Plaintiff's counsel represents that he understands his obligations under Federal Rule of Evidence 1006, which requires that summaries be made available for examination or copying. Fed. R. Evid. 1006. The parties shall govern themselves accordingly. Noncompliance with this requirement will result in the exclusion of this evidence. Defendant's motion as to this point is granted.

**14. Any testimony from any expert not expressly disclosed. (Filing No. 214.)**

The Court has already ruled with respect to the admissibility of evidence from treating physicians Dr. Frank Mezzacappa, Dr. Lauren Jazwick, and Dr. Chad Branecki. The parties have not identified any expert who should be precluded from testifying in this case due to nondisclosure. Still, as stated above, the Court will strictly enforce the disclosure requirements of Federal Rule of Civil Procedure 26. Therefore, Defendant's motion as to this point will be granted.

**15. Any evidence or testimony from persons not disclosed and qualified as an expert witness regarding any of the alleged damages or causes of any alleged damages to Plaintiff. (Filing No. 214.)**

The Court has already ruled with respect to the admissibility of evidence from Dr. Mezzacappa, Dr. Jazwick, and Dr. Branecki. The parties have not identified any individual or expert who should be precluded from testifying in this case due to nondisclosure. However, the Court will strictly enforce the disclosure requirements of Federal Rule of Civil Procedure 26. Therefore, Defendant's motion as to this issue will be granted.

**16. All evidence regarding future lost wages or other monetary damages incurred by Plaintiff, or any of his family members. (Filing No. 214.)**

Plaintiff is only seeking noneconomic damages in this case. Plaintiff agrees in his trial brief that any evidence "about lost wages or medical bills is irrelevant, and should not be introduced to the jury." (Filing No. 244.) Therefore, Defendant's request seeking

6

exclusion of evidence regarding lost wages is granted. It is unclear to the Court, however, what Defendant means by "other monetary damages." The Court will address the relevance of questions pertaining to "other monetary damages" incurred by Plaintiff or his family during trial. Accordingly, Defendant's motion as to this point will be denied at this time.

17. **All evidence regarding alleged future medical expenses to be incurred by the Plaintiff. (Filing No. 214.)**

Plaintiff asserts that Dr. Chad Prusmack has opined that Plaintiff will require additional treatment. (Filing No. 247.) Plaintiff represents that Dr. Prusmack will not opine on the cost of any such additional treatment. Plaintiff agrees that evidence about medical bills is irrelevant. (Filing No. 244.) The Court agrees. *See DeBower v. Spencer*, Case No. 21CV2010, 2021 WL 5023147 (N.D. Iowa Oct. 28, 2021) ("The majority of courts (including those in the Eighth Circuit) have held that when medical expenses are not at issue, medical bills are not relevant to pain-and-suffering damages and should be excluded."); *Pinkett v. Dr. Leonard's Healthcare Corp.*, No. CV 18-1656 (JEB), 2021 WL 1634565, at *1-2 (D.D.C. Apr. 27, 2021) (stating that while the scope of the plaintiff's medical treatment is relevant "the price tag of treatment does not tend to prove or disprove anything about the nature and extent of injuries, save what it has cost to treat them"). Therefore, evidence regarding future medical expenses will be excluded and Defendant's motion in limine pertaining to this issue will be granted.

18. **All evidence regarding Defendant's experts being named as defendants in prior malpractice actions. (Filing No. 214.)**

Plaintiff agrees not to offer such evidence, provided this is reciprocal. (Filing No. 247.) Defendant's request pertaining to this evidence is granted. The probative value of evidence of this nature is substantially outweighed by the danger of prejudice and confusion of the issues. *See* Fed. R. Evid. 403.

19. **All evidence regarding references to "Google" and/or "Alphabet, Inc." (Filing No. 214.)**

Plaintiff asserts that evidence regarding "Google" is relevant "because it has bearing on the safety rules applicable and the duty of care necessary to safely run the jobsite." (Filing No. 247.) Plaintiff further contends that "explaining what it was that the Plaintiff and his crew were doing and the pace at which they were doing it is relevant to this case. The context in which this injury was sustained is important." (Filing No. 247.) Although Defendant has admitted liability in this case, the Court agrees with Plaintiff that the context in which Plaintiff's injury occurred remains relevant. Therefore, Defendant's motion as to this point will be denied.

**20. Any evidence referencing damages to Plaintiff's family members or significant others. (Filing No. 214.)**

Plaintiff wants family members to testify about his damages by and through their relationships with Plaintiff "because it is inferable that damage to their relationship with Plaintiff is damage Plaintiff has sustained as well." (Filing No. 247.) As an example, Plaintiff points to anticipated testimony from Plaintiff's ex-wife that her marriage to Plaintiff ended. Plaintiff claims this evidence goes to show that Plaintiff, himself, sustained damage. This variety of evidence seems relevant to the issue of noneconomic damages so the Court will not exclude it at this time. The Court will rule on the propriety of specific questions pertaining to this topic, upon appropriate objection, during trial. Defendant's motion as to this evidence will be denied.

**21. All mentions, references to, eliciting testimony from or regarding, or offering of evidence or opinions of Dr. Longobardi. (Filing No. 214.)**

Plaintiff disclosed Dr. Paul G. Longobardi as an expert witness. Plaintiff was ordered to produce Dr. Longobardi's fee schedule, case list, and curriculum vitae by August 14, 2024. (Filing No. 130.) Plaintiff did not do so but has withdrawn Dr. Longobardi as a designated expert. (Filing No. 236-2). Defendant argues that because Dr. Longobardi is no longer an expert witness, and Dr. Longobardi's materials were not produced as ordered by the Court, Dr. Prusmack cannot provide expert testimony relying on Dr. Longobardi's conclusions.

Plaintiff argues, however, that Dr. Prusmack relied upon Dr. Longobardi's testing in the normal course of formulating his opinion and, therefore, Dr. Prusmack should be allowed to testify as to Dr. Longobardi's findings. Plaintiff further claims that Defendant cannot challenge the foundation or methodology of Dr. Prusmack's opinion because the time for challenges based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993) has expired.

Expert testimony is admissible if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. It is well-established that experts may rely on testing conducted by another person in forming their opinions and it is permissible for experts to "rely completely on information collected by others, so long as it is reasonable to do so in the expert's field." *Bliv, Inc. v. Charter Oak Fire Insurance Company*, 159 F.4th 539, 543 (8th Cir. 2025) (citations omitted).

The Court agrees with Plaintiff that if experts in Dr. Prusmack's field rely on outside sources of information to formulate their opinions, Dr. Prusmack should be allowed to do so using Dr. Longobardi's findings as a basis for his opinion. Defendant has not asserted that Dr. Longobardi's conclusions are somehow unreliable or deficient.

However, although an expert may rely on information reasonably relied upon by experts in their fields, an expert "must be more than a conduit or transmitter for testimonial hearsay." *United States v. Shih*, 73 F.4th 1077, 1098 (9th Cir. 2023) (quotation omitted). Based on Dr. Prusmack's report, this does not appear to be the case. Therefore, the scope of Dr. Prusmack's testimony will be considered, upon proper objection, as questions are posed during trial. Defendant's motion as it pertains to this evidence is denied at this time.

22. **Any evidence regarding Defendant's financial condition.  (Filing No. 214.)**

Evidence pertaining to Defendant's "financial condition" is irrelevant to the issues remaining in this case and is highly prejudicial. *See* Fed. R. Evid. 401; Fed. R. Evid. 403.  Further, Plaintiff has represented that he will not argue that Defendant has "lots of money, so you should just give some to the Plaintiff." (Filing No. 247.) Therefore, Defendant's motion as to this point will be granted.

23. **Any argument, evidence, or testimony regarding the need to punish Defendant or to send Defendant a message.  (Filing No. 214.)**

Arguments urging the jury to "punish" or send Defendant a "message" will not be allowed as such remarks are prejudicial. *See Wolfe v. Abraham*, 244 Neb. 337, 506 N.W.2d 692 (1993).  Therefore, Defendant's motion as to this point will be granted.

24. **Any statement or argument that jurors should put themselves in Plaintiff's place. (Filing No. 214.)**

Evidence or argument of this type appears aimed to support a "Golden Rule" argument. As stated previously, such arguments, and evidence offered solely to support such arguments, are improper and will not be allowed.  Moreover, statements and arguments of this kind would be highly prejudicial.  Fed. R. Evid. 403.  Therefore, Defendant's motion in limine as to this matter will be granted.

25. **Any mentions, references to, eliciting of testimony regarding, or offering of evidence regarding rebuttal witnesses within a party's case in chief, including that of Plaintiff's expert, Dr. Richard Frederick.  (Filing No. 214.)**

"The function of rebuttal is to explain, repel, counteract or disprove evidence of the adverse party." *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir.2005) (quotation omitted); *Faigin v. Kelly,* 184 F.3d 67, 85 (1st Cir.1999) ("The principal objective of rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's case.") (citations omitted). "As such, rebuttal evidence may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief." *Marmo v. Tyson Fresh Meats, Inc*., 457 F.3d 748, 759 (8th Cir. 2006). Therefore, absent an agreement between the parties, rebuttal evidence will not be allowed in a party's case-in-chief.  However, the Court encourages the parties to confer in an effort to reach an agreement as to the presentation of witnesses as such an

9

agreement could conserve costs and judicial resources. Defendant's motion in limine pertaining to this matter is granted, subject to any agreement reached by the parties.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion in Limine (Filing No. 153) is granted.
2. Defendant's Motion in Limine (Filing No. 183) is granted, in part.
3. Defendant's Motion in Limine (Filing No. 187) is granted.
4. Defendant'sMotion in Limine (Filing No. 189) is denied.
5. Defendant's Motion in Limine (Filing No. 214) is granted, in part.

Dated this 9th day of April, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge